IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR SANCHEZ LEYVA,

    Plaintiff,                                No. CIV S-05-0031 FCD GGH P

    vs.

ROBERT AYERS,

    Defendant.                              <u>ORDER</u>

_____/

        By order filed on February 15, 2005, petitioner was granted in forma pauperis status but his wholly deficient application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed. <u>See</u> <u>Order</u>, filed on February 15, 2005. Although petitioner has filed an amended petition on a petition form appropriate for this district, his application is no less defective.

        In his amended application, petitioner does not identify the judgment or conviction he seeks to challenge, when or where it occurred. Amended petition, first page. He sets forth no information at all beyond the name and address of an attorney that he avers handled everything. As for petitioner's claim that his attorney "did it all" and that petitioner had "no say on all legal matters" (<u>see</u> third through fifth pages of form), it is not the responsibility of the court to contact petitioner's trial counsel to ascertain what conviction petitioner challenges, the length

of his sentence, the grounds for his challenge, etc.  At a minimum, petitioner should be able to identify the approximate date and nature of his conviction/sentence, the length of his sentence, and, if he intends to bring, for example, a challenge on the basis of ineffective assistance of counsel, how his counsel was ineffective.   The defective amended petition will be dismissed but petitioner will be granted a final opportunity to proceed by filing a colorable second amended petition within 30 days.  Petitioner will, once again, be provided with the petition form appropriate for this district.   Failure to file an amended petition will result in a recommendation of dismissal of this action as will the filing of an inherently deficient second amended petition.

Petitioner is, however, cautioned, as the court noted in its prior order, that the dearth of information provided appears on the face of it to indicate that petitioner has failed to exhaust state court remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Although the court has been provided no basis whatsoever for considering petitioner's request, he has once again requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition is dismissed but petitioner is granted 30 days to file a second amended application, pursuant to 28 U.S.C. § 2254, on the form provided with this

order by the Clerk of the Court; failure to file an amended petition will result in a recommendation of dismissal of this action as will the filing of a second amended petition that is inherently deficient.

      3. The Clerk of the Court shall provide petitioner with the appropriate form in this district to file a habeas petition under 28 U.S.C. § 2254; and

      4. Petitioner's March 16, 2005 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: 4/26/05

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
leyv0031.amd2