IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR SANCHEZ LEYVA,

    Petitioner,                      No. CIV S-05-0031 FCD GGH P

    vs.

ROBERT AYERS,

    Respondent.                    ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although he has been repeatedly unable to set forth the grounds of his challenge to his conviction/sentence or even the nature of his conviction, in light of the alleged length of petitioner's sentence, 330 years as set forth in the second amended petition, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

        Accordingly, IT IS HEREBY ORDERED that:

        1. Petitioner's May 25, 2005 request to appointment of counsel is granted;

        2. The Federal Defender is appointed to represent petitioner;

        3. Counsel is directed to contact the Clerk's Office to make arrangements for copies of the file;

\\\\\

4. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

    a. The number of days petitioner's counsel estimates it will take to file either:

        1. A third amended petition which will proceed on exhausted claims only; or

        2. A third amended exhausted-claims-only petition and a statement which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.[2]

    b. Discovery and investigations;

    c. Anticipated motions;

    d. The need for and timing of an evidentiary hearing;

    e. Enumeration and resolution of unexhausted claims; and

    f. Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[1] <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S. Ct. 1528 (2005).

[2] If not all claims in the original petition are exhausted, an amended "exhausted claims only" petition must be filed along with the statement indicating petitioner's intent to pursue unexhausted claims and **good cause for petitioner's having failed to exhaust before filing in federal court**. Of course, if no claims in the original petition have been exhausted, the case must be dismissed as opposed to stayed.

5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on May 25, 2005, on Jo Graves, Senior Assistant Attorney General.

DATED: 6/20/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
leyv0031.110ggh