IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR SANCHEZ LEYVA,

Petitioner,

No. CIV S-05-0031 FCD GGH P

vs.

DERRAL ADAMS,

Respondent.[1]

FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner is a state prisoner proceeding pro se[2] with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's

---

[1] Respondent noted that the current Warden of the California Substance Abuse Treatment Facility where petitioner is incarcerated is Derral Adams and not Robert Ayers. Motion to Dismiss, footnote 1. Pursuant the Fed. R. Civ. P. 25(d), the court's docket had shown the substitution, although the parties' filings and this court's orders had not; the case caption for these Findings and Recommendations recognizes the substitution.

[2] Petitioner was unable to articulate his claims in his filings. See petition filed, January 5, 2005; amended petition, filed March 16, 2005; second amended petition, filed on May 25, 2005. Due to the length of his sentence (and his repeated inability to articulate his challenge), this court appointed counsel for petitioner, by Order, filed on June 20, 2005. Ultimately, petitioner was "dissatisfied" with his appointed counsel, and his counsel sought leave to withdraw based on "an irreconcilable difference." The court would not consider the request to withdraw until petitioner's counsel filed a response to the instant motion to dismiss, after which the court granted petitioner's counsel's request. See, Orders filed on December 12, 2005, and on March 7, 2006. So, while petitioner now proceeds pro se, he had appointed counsel at the time the motion to dismiss was submitted.

November 3, 2005, motion to dismiss 1) with prejudice, as barred by the statute of limitations; and 2) as a second or successive petition. Petitioner's then-counsel filed a response on December 31, 2005.

Petitioner challenges his 1996 jury conviction for 22 counts of lewd and lascivious conduct with a child under age 14, per Cal. Penal Code § 288(a); the court also found that petitioner had two prior felony convictions (Cal. Penal Code § 667.51(d)), and petitioner was sentenced to a term of 340 years to life. Respondent's Lodged Documents 1-2. Petitioner's claims have yet to be articulated because a third petition has not been filed due to the fact that after counsel for respondent and counsel for petitioner had conferred, it was determined that respondent anticipated filing a dismissal motion on the ground that the petition was second or successive within the meaning of 28 U.S.C. § 2244(b). See, Joint Status Report, filed on August 19, 2005. Notwithstanding the failure to set forth coherent claims, the second amended petition filed by petitioner pro se indicates that he is challenging the conviction for which he was sentenced, as he states, to "330 [sic] years." See, second amended petition.

As respondent notes, and court records confirm, petitioner has filed a prior petition in this court challenging his 1996 conviction. In Leyva v. Ayers,, Case No. CIV S- 98-1120 LKK JFM P, the petition was denied on November 5, 2002. See, Court Docket; Respondent's Lodged Documents 9-12. This denial was affirmed by the Ninth Circuit, upon petitioner's appeal, on January 16, 2004. Respondent's Lodged Documents 13-14.

"Before a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

\\\\\

The instant petition is a second or successive petition to CIV S- CIV S- 98-1120 LKK JFM P because it also challenges the 1996 conviction and sentence. Before petitioner may proceed with this action, he must obtain an order from the Ninth Circuit Court of Appeals to proceed with this action.

Although respondent also seeks dismissal with prejudice of this action due to its alleged untimeliness, under 28 U.S.C. § 2244(d)(1) and (2), the court may not reach that ground, because, as petitioner notes, this court lacks subject matter jurisdiction to do so in this as yet unauthorized successive petition. Both parties and this court have recognized that the instant petition is successive.

Petitioner is correct that authorization from the Ninth Circuit is a jurisdictional prerequisite to this court's consideration of the second petition. Petitioner's Response, p. 2, citing Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once the district court correctly recognizes that a petition is "second or successive" under § 2244(b), it lacks jurisdiction to consider the merits thereof). The Ninth Circuit quotes Libby v. Magnusson, 177 F.3d 43, 44 (1st Cir. 1999): "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeal, consider a second or successive habeas application." Cooper, supra. Libby, supra, 177 F.3d at 45, recognized that "a second or successive habeas petition is not a matter of right – and the gatekeeping function belongs to the court of appeals, not the district court." Petitioner also cites Nunez v. U.S., 96 F.3d 990, 991 (7th Cir. 1996), wherein the Seventh Circuit, noting that the district court had "no option other than to deny the [second or successive petition] states explicitly, "[f]rom the district court's perspective," the "prior approval device....is an allocation of subject-matter jurisdiction to the court of appeals." Before petitioner may proceed on a successive challenge to his 1996 conviction, he must first move the Ninth Circuit Court of Appeals for an order authorizing this court to consider such an application.

Because in its present incarnation, petitioner has repeatedly failed to set forth discernible claims, this court cannot order the transfer of this successive petition to the Ninth

Circuit. See Footnote 2, supra. As to the motion to dismiss the petition with prejudice as untimely, the court must recommend denial as moot. As no transfer of the petition is feasible, the undersigned must recommend granting the motion to dismiss on the ground that the petition is successive.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 3, 2005, motion to dismiss:

1. Be denied on the ground of untimeliness as moot;

2. Be granted on the ground that this court lacks subject matter jurisdiction as regards a successive petition; and

3. This successive petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
leyv0031.scs